**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **SOUTHSTATE BANK, N.A.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO. 5:24-cv-194 (MTT)** |
| | ) | |
| **F-5 VENTURES, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER

Plaintiff SouthState Bank, National Association, as successor by merger to Atlantic Capital Bank, National Association ("SouthState") has moved for default judgment against defendants F-5 Ventures, Inc. ("F-5"), Gregory Robbins, and Shannon Robbins.  Doc. 15.  For the following reasons, that motion (Doc. 15) is **GRANTED.**

## I. BACKGROUND

The allegations of the complaint are deemed admitted because of the defendants' default and establish the following.  On or about December 15, 2021, F-5 executed and delivered to SouthState a Note made payable by F-5 Ventures, Inc. the order of Atlantic Capital Bank, N.A., who later merged with SouthState, in the principal amount of $2,152,000.00 (the "Note").  Doc. 3 ¶ 10.  The Note was secured by a U.S. Small Business Administration Security Agreement executed by F-5 in favor of SouthState, signed and dated December 15, 2021.  *Id.* ¶ 11.  The Note was further secured by UCC Financing Statements recorded December 22, 2021.  *Id.* ¶ 12.

In connection with the Note and as inducement therefor, Gregory Robbins executed and delivered to SouthState an unconditional guarantee dated December 15, 2021 (the "G. Robbins Guaranty"), which unconditionally guarantees the full and prompt payment of all obligations owed by F-5 to SouthState under the Note. *Id.* ¶ 13. Likewise, in connection with the Note and as inducement therefore, Shannon Robbins executed and delivered to SouthState an unconditional limited guarantee dated December 15, 2021 (the "S. Robbins Guaranty"), which unconditionally guarantees the full and prompt payment of obligations owed by F-5 to SouthState under the Note. *Id.* ¶ 14. The S. Robbins Guaranty is limited to the amount SouthState obtains from certain collateral pledged by Shannon Robbins. *Id.* The Note and Guaranty, together with all other documents evidencing or securing the Loan, are hereinafter collectively referred to as the "Loan Documents."

The Note stipulates that it is an event of default if F-5 fails to make payments when due. Docs. 3 ¶ 17; 3-1 ¶ 4. The defendants failed to make timely payment of all amounts owed under the Loan Documents, and therefore defaulted. Doc. 3 ¶ 18. All conditions precedent to SouthState's recovery under the Loan Documents have been satisfied. *Id.* ¶ 31.

On or about March 11, 2024, SouthState's attorney sent a letter to the defendants declaring defendants in default and declaring that the unpaid indebtedness owed under the Loan Documents had been accelerated and was immediately due and payable (the "Notice of Default"). *Id.* ¶ 21. Despite demand, the defendants have failed to pay SouthState the amount owed. *Id.* ¶ 22.

As of June 20, 2024, the total amount owed by Defendants under the Loan Documents, excluding attorneys' fees and other costs of collection, was principal in the amount of $1,896,520.46, plus accrued and unpaid interest in the amount of $151,396.88, plus late fees and other charges in the amount of $12,166.24, for a total amount of $2,060,083.58.  *Id.* ¶ 26.

Pursuant to the Loan Documents, F-5 and Gregory Robbins agreed to pay all expenses incurred by SouthState in the collection of the amounts owed under the Note, including reasonable attorney fees and costs.  *Id.* ¶ 27; Doc. 3-1 at 4.  In the Notice of Default, SouthState gave F-5 and Gregory Robbins written notice of its intention to enforce the provisions in the Loan Documents relative to attorney fees in compliance with O.C.G.A. §13-1-11.  Doc. 3 ¶ 27.  More than ten days have passed since the date of the F-5 and Gregory Robbins' receipt of such notice.  *Id.*

On June 21, 2024, SouthState filed this action alleging breach of contract and attorney fees and costs.  Doc. 1.  As of the date of filing its complaint, SouthState has not received payment from F-5, Gregory Robbins, or Shannon Robbins.  *Id.* ¶ 23-25. After the defendants were served on July 18, 2024 (Docs. 9; 10; 11), the defendants failed to file an answer or otherwise appear in this case.  SouthState requested entry of default, which was granted on October 2, 2024.  *See* Doc. 14.  SouthState now moves for entry of Default Judgment against F-5, Gregory Robbins, and Shannon Robbins pursuant to Fed. R. Civ. P. 55(b).  Doc. 15.

## II. STANDARD

Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk of Court must enter a party's default if that party's failure to plead or otherwise defend an action against it "is

shown by affidavit or otherwise."  After default has been entered, the Clerk may enter a default judgment on the plaintiff's request if the claim "is for a sum certain or a sum that can be made certain by computation," as long as the party is not a minor or incompetent and has not made an appearance.  Fed. R. Civ. P. 55(b)(1).  In all other cases, the plaintiff must apply to the Court for a default judgment.  Fed. R. Civ. P. 55(b)(2).  The Court must hold an evidentiary hearing to determine damages unless all the essential evidence is already in the record.  *See S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("We have held that no such hearing is required where all essential evidence is already of record."); *see also* Fed. R. Civ. P. 55(b)(2) ("The court may conduct hearings[.]").

After the Clerk's entry of default, a defendant is deemed to have admitted all well-pleaded factual allegations in the complaint.  *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]  However, an entry of default against the defendant does not establish that the plaintiff is entitled to a default judgment.  The defendant is not deemed to admit facts that are not well-pleaded or conclusions of law.  *Id*.  "The Court must consider whether the unchallenged facts constitute a legitimate cause of action, because the party in default does not admit a mere conclusion of law.  In considering any default judgment, the Court must consider (1) jurisdiction, (2) liability, and (3) damages."  *Johnson v. Rammage*, 2007 WL 2276847, at *1 (M.D. Ga. Aug. 7, 2007) (citing *Pitts v. Seneca Sports, Inc*., 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004)).  The defendant is also not deemed to admit the plaintiff's allegations relating to the amount of damages.  *Patray v. Nw. Publ'g, Inc*., 931

---

[1] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

F. Supp. 865, 869 (S.D. Ga. 1996); *see also Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) ("A court has an obligation to assure that there is a legitimate basis for any damage award it enters[.]").

### III. JURISDICTION

To enter a valid default judgment, the Court must have both personal and subject matter jurisdiction.  *Rash v. Rash*, 173 F.3d 1376, 1381 (11th Cir. 1999); *see also Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001) ("[W]hen entry of default is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." (alteration in original)).

First, the Court has subject matter jurisdiction over SouthState's claims based on diversity jurisdiction.  28 U.S.C. § 1332.  SouthState alleged it is a national banking association organized under the laws of the United States of America with its principal place of business in Polk County, Florida.  Doc. 3 ¶ 1.  Thus, for purposes of diversity jurisdiction, SouthState is a citizen of Florida.  SouthState also alleged the amount in controversy exceeds $75,000.  *Id.* ¶ 5.  F-5 is an alleged corporation organized under the laws of Georgia, with its principal place of business in Putnam County, Georgia.  *Id.* ¶ 2.  Gregory Robbins and Shannon Robbins are alleged natural persons and citizens of Georgia.  *Id.* ¶ 3-4.  Thus, for purposes of diversity jurisdiction, F-5, Gregory Robbins, and Shannon Robbins are citizens of Georgia and are completely diverse from SouthState.  *See* 28 U.S.C. § 1332.

Second, the complaint sufficiently alleges that the Court has personal jurisdiction over the defendants.  SouthState alleges that F-5 is a Georgia corporation (Doc. 3 ¶ 2),

and thus the Court has personal jurisdiction over F-5. Gregory Robbins and Shannon Robbins were served with process in this action in Georgia. Docs. 10; 11. Moreover, the contracts at issue in this case were largely made, negotiated, and to be performed in Georgia. The Court has personal jurisdiction over F-5, Gregory Robbins, and Shannon Robbins.

In sum, the Court has subject matter jurisdiction over this action. The Court also has personal jurisdiction over SouthState and the defendants.

## IV. DISCUSSION

SouthState's complaint asserts claims for breach of contract and seeks damages plus attorney fees and costs under O.C.G.A. § 13-1-11. Doc. 3. SouthState has adequately alleged the defendants are liable for breach of contract and that SouthState is entitled to attorney fees and costs under O.C.G.A. § 13-1-11. SouthState has submitted sufficient evidence to support an award of $2,038,312.31 plus interest in breach of contract damages and $202,171.04 plus interest in attorney fees and expenses.

### A. Defendants' Liability

By way of default, it is established that Georgia law applies to SouthState's claim.[2] "The elements for a breach of contract claim in Georgia are the (1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken." *SAWS at Seven Hills, LLC v. Forestar Realty, Inc.*, 342 Ga. App. 780, 784, 805 S.E.2d 270, 274 (2017).

---

[2] Promissory notes and guaranties are contracts. *Trendmark Homes, Inc. v. Bank of N. Ga.*, 314 Ga. App. 886, 726 S.E.2d 138 (2012).

*1. F-5's Breach of Contract*

SouthState specifically alleged F-5 executed and delivered to SouthState a Note made payable by F-5 Ventures, Inc. to the order of Atlantic Capital Bank, N.A., who later merged with SouthState, in the principal amount of $2,152,000.00.  Doc. 3 ¶ 10.  The Note was secured by a U.S. Small Business Administration Security Agreement executed by F-5 in favor of SouthState, and further secured by UCC Financing Statements.  *Id.* ¶¶ 11-12.  The Loan Documents were executed in exchange for F-5's promise of repayment.  Doc. 3-1 at 2.  F-5 failed to pay the amount due under the Note, constituting a breach of contract.  Doc. 3 ¶¶ 17, 23.  As a result, SouthState incurred damages.  *Id.* ¶ 33.  These allegations are sufficient to establish F-5's liability for breach of contract.

*2. Gregory Robbins' Breach of Contract*

Gregory Robbins executed and delivered the G. Robbins Guaranty to SouthState, unconditionally guaranteeing the full and prompt payment of all obligations owed by F-5 to SouthState under the Note.  Doc. 3 ¶ 13. Gregory Robbins breached the G. Robbins Guaranty when F-5 failed to pay, and Gregory Robbins failed to provide the full and prompt payment due.  *Id.* ¶ 19.  As a result, SouthState incurred damages.  *Id.* ¶ 38.  Gregory Robbins is liable to SouthState for breach of contract.

*3. Shannon Robbins' Breach of Contract*

Shannon Robbins executed and delivered the S. Robbins Guaranty to SouthState, unconditionally guaranteeing the full and prompt payment of all obligations owed by F-5 to SouthState under the Note.  Doc. 3 ¶ 14.  The S. Robbins Guaranty is limited to the amount SouthState obtains from certain collateral pledged by Shannon

Robbins. *Id*.; Doc. 3-5 at 3. Here, the collateral pledged was Parcel No. 071021005, Marshall Road, Buckhead, GA 30625. Doc. 3 ¶ 46(c); Doc. 3-5 at 3. Shannon Robbins breached the S. Robbins Guaranty when F-5 failed to pay, and Shannon Robbins failed to provide the full and prompt payment due. Doc. 3 ¶ 20. As a result, SouthState incurred damages. *Id*. ¶ 42. Shannon Robbins is liable to SouthState for breach of contract.

   *4. Attorney Fees and Costs*

   SouthState has established F-5 and Gregory Robbins' liability for SouthState's costs and attorney fees. Under O.C.G.A. § 13-1-11(a), obligations "to pay attorney fees upon any note or other evidence of indebtedness" are valid.[3] To be enforceable: (1) the note's terms must include an obligation to pay attorney fees; (2) the debt owed under the note must have matured; (3) notice must be given to the debtor informing him that if he pays the debt within ten days, he may avoid attorney fees; (4) the ten day period must expire without payment of principal and interest in full; and (5) the debt must thereafter be collected by or through an attorney. *See TermNet Merch. Servs., Inc. v. Phillips*, 277 Ga. 342, 343-44, 588 S.E.2d 745, 747 (2003).

   Here, the Note allows SouthState to incur expenses to collect amounts due under the Note, and to recover those expenses, including reasonable attorney fees and costs, from F-5. Doc. 3-1 at 4. In its Notice of Default, SouthState gave F-5 and Gregory Robbins written notice of SouthState's intention to enforce the Note provisions relative to attorney fees in compliance with O.C.G.A. § 13-1-11(a). Doc. 3 ¶ 45. More

---

[3] O.C.G.A. § 33-1-11 provides: "Obligations to pay attorney's fees upon any note or other evidence of indebtedness, in addition to the rate of interest specified therein, shall be valid and enforceable and collectible as a part of such debt if such note or other evidence of indebtedness is collected by or through an attorney after maturity...." O.C.G.A. § 33-1-11(a).

than ten days have passed since the date of F-5 and Gregory Robbins' receipt of the Notice of Default, and F-5 and Gregory Robbins have failed to pay the principal and interest due under the Note.  *Id.* ¶ 46.  These allegations are sufficient to entitle SouthState to recover attorney fees and costs from F-5 and Gregory Robbins.

## B. SouthState's Damages

### 1. *Breach of Contract Damages*

SouthState seeks an award against F-5 and Gregory Robbins jointly and severally for breach of contract damages totaling $2,038,312.31 plus interest at the per diem rate of $532.06 from October 8, 2024, through and including the date of judgment. Doc. 15-1 ¶ 14.  Because F-5 and Gregory Robbins failed to perform their obligations under the Loan Documents, F-5 and Gregory Robbins are liable to SouthState.  An evidentiary hearing is not necessary to calculate damages because all the necessary evidence is in the record and capable of being made certain.[4]

First, SouthState has presented sufficient evidence that as of October 8, 2024, the amount owed under the Loan Documents is $2,038,312.31.  Doc. 15-1 ¶ 14.  This includes the principal balance in the amount of $1,806,519.46, accrued and unpaid interest in the amount of $214,940.96, and late fees and other charges in the amount of $16,851.89.  *Id*. at 34.  Per diem interest continues to accrue after October 8, 2024, through and including the date of judgment at $532.06 per day.  *Id.*

---

[4] Suits on promissory notes are particularly well-suited for entry of default judgment for liquidated damages.  *See Annon Consulting, Inc. v. BioNitrogen Holdings Corp*., 650 F. App'x 729, 733 (11th Cir. 2016) (per curiam) (holding district court did not abuse its discretion in granting default judgment to holder of promissory note without first conducting evidentiary hearing because damages were "capable of mathematical computation").

Thus, SouthState is entitled to an award for breach of contract damages in the amount of $2,038,312.31 plus interest against F-5 and Gregory Robbins jointly and severally.[5]  Per diem interest shall accrue after October 8, 2024, through and including the date of judgment at $532.06 per day.

   *2.  Attorney Fees and Costs*

SouthState seeks an award of costs and attorney fees under O.C.G.A. § 13-1-11 totaling $202,171.04 through October 8, 2024, with such fees continuing to accrue through judgment along with the per diem interest, in the amount of $53.21 per day. Doc. 15 ¶ 2(b).  SouthState complied with the requirements of § 13-1-11, so SouthState is entitled to attorney fees.  *TermNet Merch. Servs.,* 277 Ga. at 344-45, 588 S.E.2d at 747 (holding trial courts are without discretion to deny fees under § 13-1-11 when statutory conditions are met).  Because the Loan Documents provide for payment of expenses incurred, including "reasonable attorney's fees and costs," § 13-1-11(a)(2) controls.[6]  Doc. 15-1 at 10; 26; 31.  Under § 13-1-11(a)(2), the defaulting party is liable for attorney fees and costs in the amount of "15 percent of the first $500.00 of principal and interest owing on such note … and 10 percent of the amount of principal and interest owing thereon in excess of $500.00."  O.C.G.A. § 13-1-1(a)(2).  Therefore, SouthState is entitled to statutory attorney fees in the amount of $202,171.04, representing 15 percent of the first $500.00 of principal and interest owed as of October

---

[5] Because SouthState's motion for default judgment does not seek relief against Shannon Robbins, none is awarded.  *See* Doc. 15 ¶ 2.

[6] Where a promissory note provides for the payment of attorney fees without specifying the percent or any limitation, O.C.G.A. § 13-1-11(a)(2) applies.  *See Branch Banking & Trust Co. v. Conner*, 2015 WL 11422298 (N.D. Ga. May 7, 2015) (distinguishing cases involving express limits on recovery from cases without express limitation or restriction); *Austin v. Bank of Am., N.A.*, 293 Ga. 42, 49-51, 743 S.E.2d 399 (2013) (recognizing that the application of § 13-1-11(a)(2) will sometimes result in a windfall).

8, 2024, and 10 percent of the remaining principal and interest owed as of October 8, 2024 (calculated as ($1,806,519.46 + $214,940.96 - $500.00) x 0.10 + ($500.00 x 0.15)), with such reasonable attorney fees continuing to accrue after October 8, 2024 through and including the date of judgment along with the per diem interest in the amount of $53.21 per day.

## V. CONCLUSION

SouthState's motion for default judgment (Doc. 15) is **GRANTED**.  SouthState is awarded breach of contract damages against F-5 and Gregory Robbins jointly and severally in the amount of $2,038,312.31, with prejudgment interest to accrue at $532.06 per day after October 8, 2024.  SouthState is awarded statutory attorney fees against F-5 and Gregory Robbins jointly and severally in the amount of $202,171.04, with prejudgment interest to accrue at $53.21 per day after October 8, 2024. Accordingly, the judgment shall be entered in favor of SouthState and against F-5 and Gregory Robbins totaling $2,049,485.57 plus interest (($532.06 x 21) + $2,038,312.31), and attorney fees and expenses totaling $203,288.45 (($53.21 x 21) + $202,171.04).

**SO ORDERED**, this 30th day of October, 2024.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT